Chief Justice Bibb
delivered the Opinion of the Court.
The case presents for the consideration of the court, the construction of the, will of William Hart, depeased.
It bears date in 1803, it was duly admitted to record in the same year, in the county of Montgomery, in this State; directing his slave Peter, to be freed after five years service &c. the testator says:— “and all Hie rest of iny slaves, by name Alsey, Lucy, Anna, Selina and Turner, shall be emancipated, with their children if they should have any, as soon as they severally arrive at thirty years of age, except the last mentioned and by name Turner, who shall serve Jer’h. Davis until lie is twenty one years of age and then he free.”
The agreed case states that Lucy, named in the will, and the mother of Fanny Ann, attained the age of thirty on the 25th of Dec. 1825 — Fanny Ann, the plaintiff in the action, being then only ten years old. The circuit court gave judgment on the agreed case, in favor of Fanny Ann’s right to freedom, and Hart appealed.
The appellant’s counsel argues that Fanny Ann’s light to freedom does not accrue, under the will, until she arrives at the age of thirty. The counsel for *50 the appellee insists that her right to freedom was consummated by her mother Lucy’s arriving at the age of thirty. This is the sole question. The court decided in favor of Fanny Ann’s present and existing right.
This devise, “Alsey,Lucy, Jinafshall be" emancipated with their they should have any, as soon as they ríve at'ülrty yearsofage,” manumits the children of when their mothers re-tahitíiaffat" age.
Waiving the analytical process bf examining the members of'the sentence in the will, and the con-nexion and government of the words according to the rules of Syntax, which certainly would not tend to make the meaning clear, except to the understanding of philologers and criticks, atransposition °1 the members of the sentence into a more simple order, will serve to explain the meaning, as this court understands the will of the testator. The component parts of the sentence, reduced by grammatical rule, from the complex to the simple and natural order and arrangement stand thus: “Alsey, j ,1Cy Anna and Selina shall be emancipated as soon as they shall severally arrive at thirty years or age, with their children if they should have any.” The *fintence thus arranged and simplified, expresses what we think the testator intended, and what is expressed by his words. Discussion can throw but little light upon the question; and every man will perhaps draw ' the most satisfactory conclusions to his own mind, from looking at the words as written.
The testator intending to retain the services of these slaves to bis wife and children for a time, and then to emancipate them, fixed on the time at which these females, Alsey, Lucy, Anna and Selina should severally arrive at the age of thirty, as the period of their emancipation. Having that period in view, as applied to them severally, he considers them as at that period of their lives, and directs their emancipation, as soon as they severally arrive at that age. He'considers what may he their probable condition as mothers, by that period. He views them in company of, and in connexion with their children. He directs that Alsey, Lucy, Anna and Selina, be emancipated, with their children, if they should have any, as soon as they, (the four females before named,) shall severally arrive at thirty years of age. The words, “with tlieir children,” as placed in the *51 sentence, denote and describe the children as appendages to, as in company of and in connexion with, their mothers, in the act of emancipation to be performed when the mothers severally arrive at the age of thirty. The preposition “with” is in general use, as noting connexion, appendage, company of, and concomitance. These are the meanings, in which the testator used the words, “emancipated with their children, "as soon as they, (the mothers,), shall severally arrive at thirty.” To emancipate the mothers at their ages of thirty, and postpone the emancipation of the children until an after period, would seem to destroy the union, company ami connexion between the mother and the children, which the testator had in his mind and will, and which lie has sufficiently expressed, by using words apt and generally used for such purpose.
Wickliffe, for plaintiff; Jas. Trimble, for defendant,
This view of the subject suggests a possible diffi ’ culty, and might give rise to doubt, the right of" freedom in tiie children, of any one of the females who might die before attaining the age of thirty. Upon such a question we give no opinion; the case before the court does not present, the question; it may never arise. It occurred as a seeming stumbling block in the way to the opinion which we have formed. But after the most attentive examination of the question presented by the agreed case, we are satisfied with the. opinion, that the right of Fanny Ann to her freedom,- is not to be postponed till she arrives at thirty; but was complete on her mother’s attaining that age.
Judgment affirmed with costs.